THOMAS C. HARTSHORN

v.

JOHN L. DAWSON.

</div>

1. APPEALS TO APPELLATE COURT—WHEN APPEAL SHOULD BE DIRECT TO SUPREME COURT.—The Appellate Court has no jurisdiction in common law suits involving a franchise or freehold. Actions of ejectment being

common law proceedings, and directly involving the title to real estate, appeals therein should be made direct to the Supreme Court.

Appeal from the Circuit Court of Livingston county; the Hon. Franklin Blades, Judge, presiding.

Mr. L. E. Payson, for appellant.

Mr. S. S. Lawrence, for appellee.

Statement.—This was an agreed case, upon the following stipulation:

"It is hereby stipulated, that at the January term, 1874, of the Circuit Court of Livingston county, Illinois, a judgment was obtained by appellee in an action of ejectment (he being the plaintiff) against appellant. That Hartshorn appealed the case to the Supreme Court, to the September term, 1874. The judgment was affirmed in vacation, June 30th, 1876.

"At the October term, 1876, of said Circuit Court, the case stood on the docket. Upon the motion of the defendants below for a new trial under the statute upon payment of all costs to that date, the said motion being filed August 1st, 1876. At said term (October, 1876,) the venue in said cause was changed to the Circuit Court of McLean county, by Hon. N. J. Pillsbury, the then sole presiding judge of said court, upon his own motion, he having been of counsel for appellee in the case prior to his election.

"The files and papers in the case were still in the office of the clerk of said Livingston Circuit Court, at the January term, 1878. No costs of the change of venue having been paid by either party, and no steps taken by either party to have the papers sent to McLean county.

"When appellee applied to Hon. F. Blades, presiding judge of the said court at that term (he having been elected at the June election, 1877, as an additional judge in said circuit under the new districting of the State), for leave to docket the case, &c., which motion was as follows, after entitling the cause:

"Now, on this day comes the plaintiff, by S. S. Lawrence, his

attorney, and enters his motion herein, to set aside and vacate the order of this court, in said cause made at the October term thereof, 1876, certifying the files and records of said cause to McLean county, Illinois, for the disposition of the motion of said defendants, filed in said cause August 1st, 1876, to vacate the judgment, and for a new trial in said cause. And also enters his motion for a Writ of Restitution upon the judgment rendered in said cause, at the January term of this court, 1874.

"It is also admitted that the cause was docketed and motion made for the new trial, more than a year after the original judgment for the plaintiff.

"With the motion, was produced the certificate of the affirmance of the original judgment by the Supreme Court, showing affirmance June 20th, 1876, which was filed with the clerk August 4th, 1876.

"It was objected by the defendants below that the court had no jurisdiction of the case to entertain the motion, on the sole ground that by the order changing the venue to McLean county in October, 1876, the Circuit Court of Livingston county lost jurisdiction of it, and could not take it except by consent, which defendants refused to consent to, and that this motion could be properly entertained only in the McLean county Circuit Court. That this objection was specially made by defendants; that they objected to the Circuit Court of Livingston county taking any steps in the case. But the court overruled the objection, and entered the order as prayed, that the order changing the venue of the case, made at the October term, 1876, as aforesaid, be set aside and vacated: That the motion made by defendants at the October term, 1876, for a new trial, be overruled, and that a new writ of restitution issue on the original judgment. To all of which defendants excepted, and appealed to this court."

Upon this state of facts this question is presented. Had the Circuit Court of Livingston county (Judge Blades, presiding), as against the objection of defendants, jurisdiction to entertain the motion and make the above order; or, in other words, did not the Circuit Court of Livingston county lose jurisdiction of the case till it was disposed of in McLean county?

Hartshorn v. Dawson.

This stipulation is made to save the expense of a lengthy record to raise the question of jurisdiction, and this is presented in good faith.

LELAND, J.    There seems to be an insuperable difficulty in the way of a decision of the question presented.

The Appellate Court, as we understand the statute, has no jurisdiction in common law suits involving a franchise or freehold.    Though the Supreme Court has lately held that all chancery causes go to the Supreme Court by the way of the Appellate Court only, and has dismissed appeals in such cases for that reason, we are informed that suits at common law of that kind, as well as criminal causes, are considered and determined by the Supreme Court.

It seems clear to us that an action of ejectment now, however it may have been once, directly involves the title to real estate.    Rev. Stat. of 1877, Sec. 34, p. 439.

It is true, that by one of those legislative inaccuracies which a higher degree of care might have prevented, it is untruly assumed in section 89 (88), on page 746, Rev. Stat. of 1877, that appellant or plaintiffs in error may exercise an election in taking common law cases involving a freehold, and criminal cases, to the Supreme Court, and also in section 91 (90), that an appeal lies from the Appellate to the Supreme. Court in such cases.    There is, however, no such election between the Appellate and Supreme Court provided for, nor is there any way provided for that class of cases going to the Appellate Court from a Circuit Court.    On the contrary, in section 25 (8), on p. 323, Rev. Stat. of 1877, it is expressly enacted that the Appellate Court has not, but that the Supreme Court has, appellate jurisdiction in all such cases.    The mistake probably occurred by reason of the Practice Act having been framed to fit an Appellate Court bill, and the latter having been changed, and the former not having been adjusted to it after the change; so that probably the last intention of the writer of the acts was expressed in the Appellate Court Act and not in the Practice Act.

What the last intention of the legislature was, is more difficult

to conjecture. We are not disposed to treat the incorrect assumption in the Practice Act as controlling the express words in the Appellate Court Act, which actually confer the jurisdiction upon the Supreme and Appellate Courts, respectively, without any ambiguity. We have no doubt, this case not being a chancery case, mentioned in Sec. 88 of the Practice Act, should go directly to the Supreme Court, under the express language of section 8 of the Appellate Court Act, and not *via* the Appellate Court, like the chancery cases mentioned in said Sec. 88. The expression "chancery cases," should exclude common law and criminal cases, under the maxim that the expression of one excludes the other. If this parting of law and chancery is an unexpected one to the members of the last legislature, let the next one bring the parties together, at its approaching session; and we hope, also, that the law will be made a little more clear in some rather obscure places.

For these reasons we feel compelled to dismiss the appeal, for want of jurisdiction.                          Dismissed.*

PILLSBURY, J., took no part in this decision.

---

* For contrary opinion as to jurisdiction, see *post p.* 189.